UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OTTER CREEK FARMS, LLC
and GARY W. THOMPSON,

        Plaintiffs,

  v.

WAUKESHA COUNTY,

        Defendant.

Case No. 23-cv-1364-pp

**ORDER APPROVING STIPULATION FOR AMENDMENT OF COMPLAINT AND REMAND OF PLAINTIFFS' SUPPLMENTAL CLAIMS (DKT. NO. 18), GRANTING PLAINTIFFS' MOTION FOR REMAND (DKT. NO. 6) AND REMANDING CASE TO WAUKESHA COUNTY CIRCUIT COURT**

On November 8, 2023, the plaintiffs filed a motion to remand. Dkt. No. 6. The defendant opposed the motion. Dkt. No. 9. On February 23, 2024, the court conducted a Rule 16 scheduling conference, during which it discussed with the parties the motion to remand. Dkt. No. 16. During the hearing, counsel for the plaintiffs suggested that he could dismiss the only federal claim, which might make the court "more comfortable" remanding. Id. at 1. At the end of the hearing, the court gave the plaintiffs a deadline of March 29, 2024 by which to file a motion to dismiss the sole federal claim. Id. at 2. On March 28, 2024, the parties filed a stipulation for amendment of the complaint and remand of plaintiffs' supplemental claims to state court. Dkt. No. 18. The parties agreed that the plaintiffs would dismiss their sole federal claim—their Fourteenth Amendment equal protection claim. Dkt. Nos. 1-3 at 9-15; 18 at 1.

1

The court will approve the stipulation, dismiss the federal claim, decline to exercise supplemental jurisdiction over the plaintiffs' remaining state-law claims and remand the case to the Waukesha County Circuit Court.

I.  **Legal Standard**

Under 28 U.S.C. §1441(b), removal of a state court case is proper where "the district courts of the United States have original jurisdiction." The district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. §1367(a); see also Wisconsin v. Ho-Chunk Nation, 512 F.3d 921, 936 (7th Cir. 2008) (stating that "the district court has supplemental jurisdiction over [state law] claims pursuant to 28 U.S.C. § 1367(a) so long as they 'derive from a common nucleus of operative fact' with the original federal claims" (quoting Groce v. Eli Lilly & Co., 193 F.3d 496, 500 (7th Cir. 1999)). "Supplemental jurisdiction is a doctrine of discretion, and its 'justification lies in considerations of judicial economy, convenience and fairness to litigants.'" Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp., 551 F.3d 599, 607 (7th Cir. 2008) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

Generally, "when federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state

2

law claims." Dietchweiler by Dietchweiler v. Lucas, 827 F.3d 622, 631 (7th Cir. 2016) (citing 28 U.S. §1367(c); RWJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc., 672 F.3d 476, 479 (7th Cir. 2012)). This presumption is particularly strong where "the state-law claims are complex and raise unsettled legal issues[,]" RWJ Mgmt. Co., 672 F.3d at 478, or when "an identical case is already pending in state court and is nearer final resolution than the claim in the federal suit[,]" Beck v. Dobrowski, 559 F.3d 680, 686 (7th Cir. 2009). "The presumption is rebuttable, 'but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" RWJ Mgmt. Co., 672 F.3d at 479 (quoting Khan v. State Oil Co., 93 F.3d 1358, 1366 (7th Cir.1996)); see also Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 514-15 (7th Cir. 2009) (listing the acknowledged exceptions to the presumption).

## II. Background

On August 14, 2023, the plaintiffs sued the defendant in Waukesha County Circuit Court, alleging that the plaintiffs' farmland suffered from upland flooding after a substantial rainfall in September 2022. Dkt. No. 1-3 at 8; see also Gary W Thompson v. Waukesha County, Waukesha County Circuit Court Case No. 2023CV1301 (available at https://wcca.wicourts.gov). The plaintiffs raised five claims: (1) negligent maintenance of a continuing private nuisance, (2) physical interference with the plaintiffs' property under Wis. Stat. §844.01, (3) trespass by causing upland flooding on the plaintiffs' property, (4) violation of Wisconsin Constitution Article I, Sec.1, plaintiffs' right to equal

protection in the provision of municipal services and (5) violation of the U.S. Constitution's Fourteenth Amendment, entitling plaintiffs to equal protection under the law in the provision of municipal services. Dkt. No. 1-3 at 9-15 (¶¶1-32).

On October 13, 2023, the defendant removed the case to federal court based on federal question jurisdiction, asserting that the complaint "includes a claim under 42 U.S.C. §1983 for equal protection in violation of the Fourteenth Amendment to the United States Constitution." Dkt. No. 1 at ¶4. On November 8, 2023, the plaintiffs filed the instant motion asking the court to sever and remand their state-law claims. Dkt. No. 6. The motion also asked the court to either abstain, remand or decline to exercise jurisdiction over their Fourteenth Amendment claim until the state law claims could be resolved. Id. The defendant opposed the motion. Dkt. No. 9.

At the February 23, 2024 hearing, the court addressed the parties' arguments regarding the plaintiff's motion to sever and remand. Dkt. Nos. 15, 17. The court observed that it had original jurisdiction only over the plaintiffs' Fourteenth Amendment claim and supplemental jurisdiction over the four state-law claims. Id. The court explained that whether to exercise supplemental jurisdiction is left to the court's discretion and that 28 U.S.C. §1367(c) outlines the bases for a federal district court to decline to exercise supplemental jurisdiction over a state-law claim. Id. The court advised the parties that at the current stage of litigation, the plaintiffs had not convinced the court that any of the §1367(c) factors favored remand. Id. When the court discussed how its

4

evaluation might differ if the plaintiffs were to dismiss the Fourteenth Amendment claim, the plaintiffs' counsel stated that the plaintiffs would be willing to dismiss that claim. Id. Because the plaintiffs had not previously proposed this option to the defendant or the court, the court gave the parties time to discuss the option. Id. The court set a deadline for the plaintiffs to file a motion, stipulation or report informing the court whether they intended to pursue the Fourteenth Amendment claim. Id.

On March 28, 2024, the parties filed a stipulation agreeing that the plaintiffs would dismiss their Fourteenth Amendment Claim and that the remaining state-law claims should be remanded back to state court, with the parties to bear their own costs and attorney fees. Dkt. No. 18.

**III. Analysis**

The stipulation does not say whether the court should dismiss the Fourteenth Amendment claim with or without prejudice. Id. Because the court has not adjudicated the merits of that claim, the court will dismiss the claim without prejudice. See Apple, Inc. v. Motorola Mobility, Inc., Case No. 11-CV-178, 2012 WL 5943791, at *1 (W.D. Wis. Nov. 28, 2012) ("Generally, when a court dismisses a claim without reaching the merits, it should dismiss the claim without prejudice." (citing Murray v. Conseco, Inc., 467 F.3d 602, 605 (7th Cir.2006)).

With the dismissal of the Fourteenth Amendment claim, the remaining claims are state-law claims over which the court has supplemental jurisdiction. As explained, there is a presumption that the court will relinquish its

5

Case 2:23-cv-01364-PP Filed 04/18/24 Page 5 of 6 Document 19

supplemental jurisdiction over these claims. See Dietchweiler, 827 F.3d at 631; RWJ Mgmt. Co., 672 F.3d at 479. There is no reason to ignore the presumption; the court declines to exercise supplemental jurisdiction over the remaining state-law claims.

## IV. Conclusion

The court **APPROVES** the parties' stipulation for amendment of the complaint and remand of plaintiffs' supplemental claims back to state court. Dkt. No. 18.

The court **DISMISSES WITHOUT PREJUDICE** the plaintiffs' Fourteenth Amendment Equal Protection claim.

The court **GRANTS** the plaintiffs' motion to remand. Dkt. No. 6.

The court **ORDERS** that this case is **REMANDED** to the Waukesha County Circuit Court.

Dated in Milwaukee, Wisconsin this 18th day of April, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**